IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 1, 2015


**STATE OF TENNESSEE v. JOHNTHAN TYLER RYAN TYREE**


**Appeal from the Circuit Court for Marshall County**
**No. 14CR87     Forest A. Durard, Jr., Judge**

_____


**No. M2015-01169-CCA-R3-CD – Filed January 29, 2016**

_____


In September 24, 2014, the Marshall County Grand Jury indicted the Defendant, Johnthan Tyler Ryan Tyree,[1] for two counts of aggravated assault involving the use of a deadly weapon. The Defendant entered a best interest guilty plea to the charged offenses with sentencing reserved. Following a sentencing hearing, the trial court sentenced the Defendant as a Range I standard offender to four years and nine months in the Department of Correction for each count. The trial court merged Count 2 into Count 1, finding the two offenses arose from a single incident. The sentence was ordered to be served consecutively to a Rutherford County sentence arising from criminal offenses committed while the Defendant was released on bail in this case. On appeal, the Defendant contends that his sentence is excessive and contrary to law. Following our review, we find no error in sentencing and affirm the judgments of the trial court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Michael J. Collins, Shelbyville, Tennessee, for the appellant, Johnthan Tyler Ryan Tyree.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] The Defendant's name is spelled various ways throughout the record. The judgments of conviction have his name as Johnathan Tyler Ryan Tyree. For clarity we will use the spelling in the indictment: Johnthan Tyler Ryan Tyree.

# OPINION

*Facts*

According to the factual basis provided by the State during the plea colloquy, during an altercation on April 27, 2014, the Defendant struck Brandon Sawyers on the right side of his face with a bat and then stabbed Mr. Sawyers in the neck and arm with a knife. Mr. Sawyers did not suffer serious bodily injury as the stab wound was superficial.

At the conclusion of the plea, the trial court stated that it would allow the Defendant to remain free on the existing bail pending the sentencing hearing. The trial judge told the Defendant that Jenna Miller, with the Tennessee Department of Corrections, Probation and Parole, would gather information for a presentence report and that he expected the Defendant to cooperate with her.

Ms. Miller testified at the sentencing hearing on May 20, 2015. She stated that she met briefly with the Defendant immediately after he pleaded guilty. Ms. Miller gave the Defendant her business card and instructed him to meet with her again in two weeks at the Marshall County Courthouse. Ms. Miller stated that her business card included her name, office number, cell phone number, and Tullahoma address. She also wrote the date and time of their next meeting on the back of her business card. Ms. Miller believed it would be easier for the Defendant to meet with her at the courthouse rather than at her office in Tullahoma because the Defendant lived in Lewisburg. The Defendant did not show up for the meeting or call. Ms. Miller tried to contact the Defendant at the two telephone numbers listed on his intake sheet, but no one answered and the voicemail box had not been set up for either number. The Defendant called Ms. Miller's office on May 19, 2015, and was given Ms. Miller's cell phone number. He called her cell phone number three times, but Ms. Miller was in court when the Defendant called, and she could not answer. After court, she called the Defendant. She said he was "frankly really rude." The Defendant told her he had tried to call her at the Murfreesboro office. She told him she did not work in the Murfreesboro office. She said the employees in the Murfreesboro office should have been able to redirect him to her Tullahoma office. She told the Defendant he needed to be in court tomorrow, and the Defendant said "yep" and abruptly hung up.

According to the presentence report that was entered as an exhibit, the Defendant was twenty-one years of age at the time the report was prepared. As an adult, the Defendant had been arrested in six separate incidents in Marshall County, resulting in thirteen separate criminal charges. He was convicted of domestic assault in September 2012, and received a suspended sentence of eleven months and twenty-nine days. He

was convicted of theft in August 2013, and again received a suspended sentence of eleven months and twenty-nine days. He was convicted of criminal littering in August 2013, and received a suspended sentence of six months. In July 2014, he was sentenced to eleven months and twenty-nine days for failure to appear for court on April 29, 2014, with all but ten days of the sentence suspended. He was also convicted of several traffic offenses. On July 6, 2014, while released on bail in this case, he was charged with aggravated assault and burglary in Rutherford County. On February 13, 2015, he pleaded guilty in Rutherford County to reduced charges of attempted aggravated assault and attempted burglary.[2] He was sentenced to two years on each offense and the sentences were suspended. He also had pending in the city court for Lewisburg charges of aggravated assault with an offense date of November 18, 2014, and aggravated criminal trespass (two counts) and vandalism with an offense date of February 6, 2015. The Defendant was found to have violated probation on October 8, 2013, and was sentenced to serve thirty days. He also was found to have violated probation on July 29, 2014, and was sentenced to serve ten days. During preparation of the presentence report, Ms. Miller was contacted by a probation officer in Rutherford County who had seen on the Tennessee Offender Management Information System that a presentence report was being prepared for the Defendant in Marshall County. The officer advised Ms. Miller that the Defendant had an outstanding probation violation warrant in Rutherford County based on the Defendant's failure to report for his initial intake in March 2015, following his guilty plea on February 13, 2015.

Kimberly Tyree, the Defendant's wife, testified that she and the Defendant had been married for one year and had two children. She said the Defendant had strong family support in Marshall County. She said she was present during the incident that led to the current charges against the Defendant. She described the victim as the aggressor and said the victim came towards them and hit the front of her truck with a two-by-four. On cross-examination, she said she never saw the Defendant with a knife or bat. She also did not show the police any damage to her truck.

At the conclusion of the sentencing hearing, the trial court noted that the Defendant made bail in this case on May 24, 2014, and that the Defendant was arrested in Rutherford County for felonies that occurred on July 6, 2014. The trial court found three enhancement factors applicable: (1) that the Defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (2) that the Defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community; and (3) that at the time the felony was committed, the Defendant was released on probation. See Tenn. Code Ann. § 40-35-114(1), (8), (13)(C). The trial court found that the general mitigating factor

---

[2] The pre-sentence report shows "Attempted Agg. Burglary."

(13) applied because the Defendant pleaded guilty and avoided a time consuming jury trial. The trial court sentenced the Defendant to four years and nine months. After finding that the Defendant had a long history of criminal conduct and that measures less restrictive than confinement had frequently or recently been applied to the Defendant without success, the trial court ordered the sentence to be served in the Tennessee Department of Correction as a Range I offender. Noting that the Defendant committed the Rutherford County offenses while he was released on bail in this case, the trial court ordered the sentence to be served consecutively to the Rutherford County sentence.

*Analysis*

The Defendant challenges the trial court's imposition of a four-year and nine-month sentence as excessive and not supported by law. The State responds that the trial court did not abuse its discretion in sentencing the Defendant. We agree with the State.

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. Tenn. Code Ann. § 40-35-103.

To facilitate meaningful appellate review, the trial court must state on the record the factors it considered and the reasons for imposing the sentence chosen. Tenn. Code Ann. § 40-35-210(e) (2014); Bise, 380 S.W.3d at 706. However, "[m]ere inadequacy in the articulation of the reasons for imposing a particular sentence . . . should not negate the presumption [of reasonableness]." Bise, 380 S.W.3d at 705-06. The party challenging

the sentence on appeal bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401 (2014), Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

(1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

(2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c) (2014).

Although the trial court should also consider enhancement and mitigating factors, such factors are advisory only. See Tenn. Code Ann. § 40-35-114 (2014); see also Bise, 380 S.W.3d at 699 n.33, 704; Carter, 254 S.W.3d at 343. We note that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. A trial court's "misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." Bise, 380 S.W.3d at 706. "[Appellate courts are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Carter, 254 S.W.3d at 346.

In this case, the trial court properly considered the purposes of sentencing outlined in Tennessee Code Annotated section 40-35-102. The trial court placed on the record the enhancement and mitigating factors it considered, as well as its reasons for the sentence imposed. The Defendant's sentence is within the three to six year applicable range for his conviction. See Tenn. Code Ann. § 40-35-112(b)(4). Moreover, the trial court applied the confinement considerations outlined in Tennessee Code Annotated section 40-35-103 and found that the Defendant had "a long history of criminal conduct" and that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully" to the Defendant. See Tenn. Code Ann. § 40-35-103(1)(A), (C). The record fully supports the trial court's application of the various enhancement and mitigating factors and its findings under the confinement considerations. In ordering this

sentence to run consecutively to the Rutherford County sentence, the trial court specifically noted that the Defendant was on bail for the instant charges when he committed the felonies in Rutherford County. Consecutive sentences were therefore mandated by Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). Thus, the Defendant has not established that the trial court abused its discretion in sentencing, and he is not entitled to relief.

## Conclusion

The judgments of the trial court are affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE